IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

OIL PAD SOLUTIONS, LLC and
SHAIN PEARSE,

                Plaintiffs,

     v.

RICK PARSONS and RON BREITIGAM,

                Defendants.

No. 03:12-cv-01917-HZ

OPINION & ORDER

Christopher J. Kemper
3481 NW Thurman St.
Portland, OR 97210

       Attorney for Plaintiffs

Paul R.J. Connolly
2731 12th St. SE
P.O. Box 3095
Salem, OR 97302

       Attorney for Defendants

1 - OPINION & ORDER

HERNANDEZ, District Judge:

Plaintiffs Oil Pad Solutions, LLC ("OPS"), a North Dakota company, and Shain Pearse, member and manager of OPS, market products and services to oil industry companies in North Dakota. Defendants Rick Parsons and Ron Breitigam worked in North Dakota with OPS. Plaintiffs allege that Defendants hired or contracted with third parties to compete with OPS and continue to operate a competing business. Defendants move to dismiss Plaintiffs' suit for lack of personal jurisdiction and improper venue, or in the alternative, to transfer the case to the District of North Dakota. Neither of the Defendants is a resident of Oregon, does business in Oregon, or maintains business connections to Oregon. None of the events giving rise to the claims occurred in Oregon. Therefore, I grant Defendants' motion to dismiss for lack of personal jurisdiction.

## BACKGROUND

This case involves a business dispute between former work colleagues. Plaintiffs filed suit to prevent Defendants' use of OPS's confidential and proprietary information to further their competing business. Defendant Breitigam is a resident of Missouri. Decl. of Ron Breitigam in Supp. Mot. Dismiss ¶ 3. Defendant Parsons is a resident of Richland, Washington. Decl. of Herbert F. "Rick" Parsons in Supp. Mot. Dismiss Reply ("Parsons Decl.") ¶ 3.

Plaintiff OPS is a North Dakota limited liability company. Compl. ¶ 2. Plaintiff Pearse is a resident of Oregon and a member and manager of OPS. Decl. of Shain Pearse in Supp. Pls.' Resp. ("Pearse Decl.") ¶ 2. Pearse states that the primary actions giving rise to the allegations in the complaint relate to "Parsons' interference with OPS'[s] suppliers in Nevada, and interference with OPS'[s] customers and potential customers with headquarters located outside the state of North Dakota." Pearse Decl. ¶ 6. Pearse further states that Defendants' activities regarding the dispute occurred substantially after they had left OPS and North Dakota. Pearse Decl. ¶ 7.

Additionally, Pearse stated that Defendants' actionable activities had taken place in several states, including Nevada, California, Utah, and Montana. Pearse Decl. ¶ 8.

## STANDARD

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may move for dismissal on the grounds that the court lacks personal jurisdiction. Plaintiff has the burden of showing personal jurisdiction. Boschetto v. Hansing, 539 F.3d 1011, 1015 (9th Cir. 2008). When the district court decides a motion without an evidentiary hearing, "the plaintiff need only make a prima facie showing of the jurisdictional facts" based on the plaintiff's pleadings and affidavits. Id. "Uncontroverted allegations in the plaintiff's complaint must be taken as true" and "[c]onflicts between the parties over statements contained in affidavits must be resolved in the plaintiff's favor." Id.

As a general rule, personal jurisdiction is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process. Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006). Because Oregon's long-arm statute confers jurisdiction to the extent permitted by due process, Gray & Co. v. Firstenberg Machinery Co., 913 F.2d 758, 760 (9th Cir. 1990), the court proceeds directly to the federal due process analysis. See Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1129 (9th Cir. 2003) (when a state long-arm statute reaches as far as the Due Process Clause, the court need only analyze whether the exercise of jurisdiction complies with due process).

The forum state may exercise either general or specific jurisdiction over a nonresident defendant. Boschetto, 539 F.3d at 1016. If the contacts are insufficient for a court to invoke general jurisdiction, the court then applies the relevant test to determine whether specific jurisdiction exists. In re Tuli, 172 F.3d 707, 713 n.5 (9th Cir. 1999).

3 - OPINION & ORDER

**DISCUSSION**

Plaintiffs have the burden of showing that personal jurisdiction over the Defendants is proper. As an initial matter, Plaintiffs concede that Defendant Breitigam is not a resident of Oregon. Pls.' Resp. 2. Furthermore, Plaintiffs do not present any evidence of Breitigam's activities in Oregon to establish general or specific jurisdiction. Therefore, the motion to dismiss with respect to Defendant Breitigam is granted.

I.        Jurisdiction Over Residents

Plaintiffs concede that Defendant Parsons is not resident of Oregon. Pls.' Resp. 2. Yet, Plaintiffs argue that this court has personal jurisdiction because he is domiciled in Oregon. Id. 3. Plaintiffs rely on Oregon Rule of Civil Procedure 4(a)(2) to argue that this Court has personal jurisdiction over a claim when it has subject matter jurisdiction and the defendant is domiciled in Oregon. To be domiciled in Oregon for the purposes of Oregon Rule of Civil Procedure 4(a)(2), the person must reside and intend to remain permanently in the state, to the exclusion of a domicile elsewhere. N. Pac. Ins. Co. v. Switzler, 924 P.2d 839, 846 (Or. App. 1996).

Plaintiffs allege no facts to support the conclusion that Parsons is domiciled in Oregon. Parsons has never maintained an address or owned real property in Oregon and does not plan to reside in Oregon in the future. Parsons Decl. ¶ 3. Additionally, Parsons does not maintain a bank account in Oregon, hold any professional licenses in Oregon, or conduct business in Oregon. Parsons Decl. ¶ 4.

Ironically, if Plaintiffs were correct that Parsons is domiciled in Oregon, this Court would *not* have subject matter jurisdiction in this case. This court's jurisdiction is based on diversity, which would be destroyed if Plaintiffs and Defendant Parsons were from Oregon.

/ / /

4 - OPINION & ORDER

II.    Jurisdiction Over Nonresidents

Because Defendant Parsons is a nonresident, I must determine whether this Court has general or specific jurisdiction over Parsons.

A.    General Jurisdiction

General jurisdiction is found where the defendant's contacts with the forum are so substantial or continuous and systematic that the defendant can expect to be haled into court, even if the action is unrelated to its contacts. Bancroft & Masters, Inc. v. Augusta Nat'l, Inc., 223 F.3d 1082, 1086 (9th Cir. 2000) (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415 (1984)). To determine whether a nonresident defendant's contacts are sufficiently substantial or continuous and systematic, a court considers the "[l]ongevity, continuity, volume, economic impact, physical presence, and integration into the state's regulatory or economic markets." Tuazon v. R.J. Reynolds Tobacco Co., 433 F.3d 1163, 1172 (9th Cir. 2006).

Plaintiffs argue that Parsons' residence in Oregon supports general jurisdiction over Defendants. This argument is unpersuasive for two reasons. First, Parsons is not a resident of Oregon. Plaintiffs' complaint states Parsons is a resident of Washington. Second, general jurisdiction is proper when a nonresident defendant has substantial or continuous and systematic contacts with the forum state. Plaintiffs have not met their burden to show there is general jurisdiction over Defendants.

B.    Specific Jurisdiction

The Ninth Circuit uses a three-part test to determine if a party has sufficient minimum contacts to be subject to specific jurisdiction. First, the non-resident defendant must have acted within or purposefully availed itself of the privileges of the forum. Brayton Purcell LLP v. Recordon & Recordon, 575 F.3d 981, 985 (9th Cir. 2009). Second, the claim must arise from or

relate to defendant's forum-related activities. Id. Third, the exercise of the jurisdiction must be reasonable. Id. Plaintiff bears the burden on the first two parts of the test. Boschetto, 539 F.3d at 1016. "If the plaintiff establishes both prongs one and two, the defendant must come forward with a 'compelling case' that the exercise of jurisdiction would not be reasonable." Id. (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477 (1985)). If plaintiff fails at the first step, "the jurisdictional inquiry ends and the case must be dismissed." Id.

To satisfy the first prong of the specific jurisdiction test the defendant must have (1) committed an intentional act (2) expressly aimed at the forum state, and (3) caused harm which the defendant knows is likely to be suffered in the forum state. Yahoo! Inc. v. La Ligue Contre Le Racisme, 433 F.3d 1199, 1206 (9th Cir. 2006). This test requires "something more" than mere foreseeability. Bancroft & Masters, Inc., 223 F.3d at 1087.

The phrase "purposeful availment" is often used as shorthand to include both purposeful availment and purposeful direction. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004). However, "purposeful direction" is more often used in tort cases, and purposeful availment, in contract cases. Id. "A showing that a defendant purposefully directed his conduct toward a forum state . . . usually consists of evidence of the defendant's actions outside the forum state that are directed at the forum." Id. at 803; see, e.g., Mattel, Inc. v. MCA Records, Inc., 296 F.3d 894, 899 (9th Cir. 2002) (finding purposeful direction where defendant distributed albums from Europe in the forum state).

Here, Plaintiffs' complaint alleges claims arising from tort law, so purposeful direction is the appropriate test. Plaintiffs argue that Defendants purposefully availed[1] themselves of the privileges of the forum, because (1) Parsons resided in Oregon on a continuous basis during all

---

[1] Plaintiffs improperly rely on the purposeful availment test and not the proper purposeful direction test.

times relevant to the dispute and (2) OPS was managed in Oregon and had its administrative activities conducted in the State.

These facts are insufficient to demonstrate purposeful direction. Defendants have not purposefully directed conduct toward the forum state, because none of Defendants' actions were expressly aimed at Oregon. Rather, Plaintiffs' allegations regarding Defendants' actions relate to OPS's work in North Dakota. Plaintiffs have failed to establish the first prong of specific personal jurisdiction test.

Because Plaintiffs failed to establish that the first prong of the specific jurisdiction test, I need not reach the second or third prongs. This Court does not have personal jurisdiction over the Defendants in this case.

### CONCLUSION

Based on the reasons above, Defendants' motion to dismiss [#9] is GRANTED.

IT IS SO ORDERED.

Dated this _____ day of May, 2013.


_____
MARCO HERNANDEZ
United States District Judge


7 - OPINION & ORDER